```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

LESTER BROWN                                         CIVIL ACTION

V.                                                   NO. 16-1069

TOYOTA MOTOR SALES, U.S.A, INC.                      SECTION "F"
AND TOYOTA MOTOR CORPORATION

## ORDER AND REASONS

Before the Court are two motions: 1) plaintiff Lester Brown's motion to remand; and 2) defendant Toyota Motor Corporation's motion to dismiss. For the following reasons the plaintiff's motion is DENIED, and the defendant's motion is GRANTED.

## Background

This case arises from an automobile accident in which the plaintiff, Lester Brown, crashed into a utility pole while driving his Lexus vehicle. The plaintiff claims that he sustained injuries because the vehicle's front airbag failed to deploy. The defendants manufacture the vehicle.

These motions challenge the Court's jurisdiction. The plaintiff initially filed suit in Louisiana state court. The defendants removed the case invoking the Court's diversity jurisdiction. The plaintiff now moves to remand the case on the ground that the amount in controversy does not exceed $75,000. The plaintiff contends that the Court has no diversity jurisdiction.

Toyota Motor Corporation, a Japanese company, moves unopposed for a dismissal of the plaintiff's claims for improper service of

1

process. Toyota urges that the plaintiff has failed to execute proper service as required under the Hague Service Convention. Absent proper service, Toyota submits that the Court lacks personal jurisdiction. Alternatively, Toyota moves to quash the plaintiff's purported service and requests the Court to order the plaintiff to serve TMC in accordance with the Hague Service Convention.

The Court addresses first the threshold question of whether the case must be remanded.

I.

Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. . . ." 28 U.S.C. § 1332(a). Louisiana law, however, prohibits plaintiffs from specifying the numerical value of claimed damages. See La. Code Civ. P. art. 893. Hence, the Fifth Circuit instructs, "When the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]."[1] De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993). "The defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth facts in controversy that support a finding of the requisite amount." Gebbia v. Wal-Mart Stores, Inc.,

---

[1] The original quote used the former amount in controversy, $50,000.

2

233 F.3d 880, 882-83 (5th Cir. 2000).  Once diversity jurisdiction is established, "a plaintiff may not defeat removal by subsequently *changing* his damage request, because post-removal events cannot deprive a court of jurisdiction once it has attached." Cavallini v. State Farm Mutual Auto Insurance Co., 44 F.3d 256, 265 (5th Cir. 1995)(quoting Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Columbia (ANPAC) v. Dow Quimica de Colombia S.A., 988 F.2d 559, 565 (5th Cir. 1993).

In this case, the plaintiff's state court petition, in accordance with Louisiana law, did not specify a quantum of damages. Thus, the Court must determine whether the defendants have proved by a preponderance of the evidence that the amount in controversy exceeds $75,000. The Court answers affirmatively.

## II.

After the defendants removed the case, the plaintiff attempted to amend his state court petition twice. Both times, his filings were deficient and rejected by the Clerk of Court. To date, the plaintiff has failed to file a proper motion to amend his petition. In his deficient filings, however, the plaintiff seeks to amend his petition by adding that his damages do not exceed $75,000. According to the plaintiff, this (hypothetical) amendment defeats the Court's diversity jurisdiction.

In response, the defendants point to the plaintiff's medical records which indicate that the plaintiff has already been billed

3

a minimum of $61,137.60 for medical treatment as a result of the crash. The defendants submit that the records they currently possess are incomplete, and the plaintiff has been receiving medical treatment for his injuries as late as January of 2016 – more than one year after the accident. According to the defendants, the costs associated with the plaintiff's transportation to the emergency room and other, more recent medical treatments are not yet accounted for. Because the plaintiff claims recompense for past, present, and future damages, the defendants submit that the value of the plaintiff's claim exceeds $75,000. The Court agrees.

The defendants have satisfied their burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. The plaintiff offers nothing to persuade the Court to the contrary. His motion to remand is denied.[2]

### III.

Toyota moves to dismiss the plaintiff's claims for improper service. The plaintiff does not oppose the motion.

Toyota contends that the plaintiff's two attempts at service of process have been insufficient. It explains that, in state court, the plaintiff first served a citation and the petition to a Baton Rouge company who is not Toyota's registered agent. The plaintiff also, allegedly, mailed the citation to an address in

---

[2] No doubt if plaintiff truly believes this case is worth less than $75,000, it will settle for less than $75,000.

Japan which was never received by Toyota. In both attempts, the plaintiff has apparently requested service of the documents in English with no Japanese translation. The company adds that the plaintiff has not attempted to issue a summons or to serve process under the Federal Rules of Civil Procedure since removal. Importantly, the plaintiff does not rebut these assertions.

Toyota submits that it does not have a registered agent in the United States. Service of process of foreign companies is governed by the Hague Service Convention, an international treaty that is triggered when serving process involves the transmittal of documents abroad. Sheets v. Yamaha Motors Corp., U.S.A., 891 F.2d 533, 537 (5th Cir. 1990). And the plaintiff does not contest his failure to serve sufficient process either.

Accordingly, IT IS ORDERED that Toyota Motor Corporation's motion is GRANTED. The plaintiff's claims against Toyota Motor Corporation are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the plaintiff's motion to remand is DENIED.

New Orleans, Louisiana, March 24, 2016

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE